THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* FERRARI,·
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
an action for seduction.

No. 665.—Decided April 6, 1914.

SEDUCTION—CHASTITY OF VICTIM—CONSENT TO CARNAL ACT.—The fact that the
accused had sexual intercourse with the victim at his mother's house where
he had taken her to live is no proof of previous impurity of character.
ID.—PUNISHMENT BY FINE ONLY.—It is bad practice to impose only a fine in
cases of this kind.

The facts are stated in the opinion.
*Mr. Charles E. Foote,* fiscal, for The People.
*Mr. Antonio Trujillo* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case begun by information before the Second
Section of the District Court of San Juan. Rafael Ferrari
Saavedra was charged with having, under a promise of mar-
riage, seduced María López, a young woman of previous
chaste character. Judgment was rendered against him and
he was fined $1,000, or in default thereof to undergo a day
in the penitentiary for each five dollars he failed to pay.

In the record the only error assigned is over the admis-
sion by the court of certain letters written by the defendant
to the prosecuting witness. It was objected that these letters
were not properly identified. They were sufficiently identi-
fied by the prosecuting witness who said she had seen the
defendant write. Her evidence was corroborated by the de-
fendant himself who acknowledged some of the letters. More-
over, he did not deny the intercourse nor the promise of mar-
riage but based his defense on the alleged fact that the prose-
cuting witness was not a virgin.

At the hearing, but not in his brief, the appellant insisted
that the proof showed that the woman could not have been
of pure character because she consented to live with him as

his concubine.  The facts were that after the death of the mother of the prosecuting witness and after the promise of marriage the defendant induced the said prosecuting witness to go first to the house of his uncle and subsequently to the house of his mother.  It was at the latter house that the amorous relations were begun and continued.  A woman who is taken to the house of a man's mother has every reason to believe in his intention to be fair to her and to carry out his promise and her yielding to him was no sign of previous impurity of character.

We do not understand why in this class of cases the court only imposes a fine and we commented on a similar practice in the case of *People of Porto Rico* v. *Moux,* 19 P. R. R., 1119.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.